**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 96-6778**

---

BERNARD HARRY GRANT-BEY,

                                    Petitioner - Appellant,

        versus

WILLIAM L. SMITH; J. JOSEPH CURRAN, JR.,

                                    Respondents - Appellees.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Edward S. Northrop, Senior District Judge.
(CA-95-4-N)

---

Submitted:  August 15, 1996        Decided:  August 21, 1996

---

Before MURNAGHAN and ERVIN, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Bernard Harry Grant-Bey, Appellant Pro Se. John Joseph Curran, Jr.,
Attorney General, Tarra R. DeShields-Minnis, OFFICE OF THE ATTORNEY
GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant filed an untimely notice of appeal. We dismiss the appeal for lack of jurisdiction.

The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions have thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). The only exceptions to the appeal period are when the district court extends the time to appeal under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

Appellant's failure to file a timely notice of appeal[*] or to obtain either an extension or a reopening of the appeal period leaves this court without jurisdiction to consider the merits of Appellant's appeal. We therefore deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purposes of this appeal we assume that the date Appellant wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988). This date was May 3, 1996, and the appeal period expired on May 1, 1996.